Mr. Schultz. May it please the court, counsel for the government, Todd Schultz, assistant federal public defender representing the defendant appellant. Initially in the brief we raised three issues on appeal. After reviewing the government's response brief we withdrew the second argument leaving two remaining arguments. I'm withdrawing the third argument in the brief this morning. That second degree robbery was not a crime of violence. I believe that issue has been resolved in light of the Stokeling decision last month. That leaves the remaining issue raised in the brief and that is whether the district court erred in assessing three criminal history points for defendants 2009 robbery conviction. That robbery is listed at paragraph 37 in the pre-sentence report. What's known with respect to that particular conviction is found in the date sentence imposed slash disposition column of paragraph 37 and it notes with respect to that conviction that on May 13th 2010 defendant pled guilty, received 10 years imprisonment. The next entry notes then on July 26, 2011 sentence suspended two years probation. That paragraph goes on to note that the court records were requested in pending receipt. Whether the district court erred in assessing three points comes down to what those state records indicate. If those state records... Now as I understand it, and you help me with this please, Mr. Pollack served after 14 months on his Missouri robbery conviction before the sentence was suspended. For purposes of his criminal history points, why should Judge Herndon have ignored the 14 months Mr. Pollack had already served? It was the As I read the state court's order, it's not as if the entire sentence was suspended or vacated retroactively. Or am I wrong? Your Honor, it's my understanding, and I hope I'm not wrong on this point, but that the actual state court judgment from July 26, 2011 is not a part of the record. But it's a public record. Surely we can look at the judgment. And I had roughly the same question Judge Rovner did. Moving forward in time, he was serving these sentences concurrently. That's service of a sentence. Then there's this later event that changes what's going on with the sentence that you're talking about. But it doesn't mean that he wasn't serving 14 months on the second degree robbery sentence. And the judge is supposed to take into account actual time served. Your Honor, so I think it's important in looking at this issue to know that it comes up in the context of an objection to the pre-sentence report. And so the government bears the burden of establishing that this conviction should receive three points. But why didn't the government meet that burden when he served the sentence for 14 months? Then it's suspended. But it doesn't mean that the 14 months didn't happen. Your Honor, so the question I have, not with the actual judgment from July 26, 2011 not being part of the record. The question I have, and I don't believe can be answered this morning, is do we know that that sentence for the 2009 Missouri robbery, do we know that that sentence was run fully concurrent, partially concurrent, or consecutive to the two other 10-year sentences that he received on that date? Well, if you can go to a website called Your Missouri Courts and put in the number, and there's a 5-13-2010 order that says the defendant is sentenced pursuant to whatever it is, causes to run concurrent with cause number, it ends with 827 and a cause number ending 274. It looks to me like, unless there's some problem with our looking at an official record of the Missouri Courts, I'm not sure there's any question about it. So, Your Honor, in preparing for argument this morning and reviewing the record, I was simply reviewing what was presented to the district court. And it's our opinion that when an objection is raised of this nature, saying we don't think three points are appropriate, that what should happen, what needs to happen, is that the state court record should be produced. And I agree with the court that had those records been produced and presented to the district court, that essentially that likely would have resolved the issue. I think, though, that this issue is somewhat akin to asking a court to determine whether a defendant's conviction under a divisible statute qualifies as a crime of violence, and then providing no Shepard-approved documents from which to conclude that that conviction is a crime of violence. I don't believe you can conclude from the record in the district court that, in fact, this sentence was only partially suspended, and that he was given only the remainder of the sentence beyond the 14 months was suspended. It's just contrary to what we normally understand when people are serving sentences concurrently. The PSR itself says that he pleads guilty May 13, 2010. He's sentenced to 10 years. The sentence is suspended 14 months later. So even if you don't worry about these other convictions, the PSR shows that he spends 14 months in prison on this thing. Well, Your Honor, I respectfully disagree with what the PSR says, but to the extent the court is reaching conclusions based on what the PSR says, I would note with respect to those two other convictions that he received on that same day on July 26, 2011, it's noted in the PSR that the remainder of those sentences is suspended, and he's placed on two years probation. With respect to paragraph 37, it notes only that the sentence is suspended two years probation. I think a logical conclusion, if the court wants to draw conclusions from the language in the pre-sentence report, is that with respect to paragraph 37, that sentence entirely was suspended, and only the remainder of the sentences were suspended with respect to paragraphs 35 and 36. Otherwise, the remainder of language in paragraphs 35, 36 is meaningless. And unless there are additional questions, I'd reserve the remainder of my time for rebuttal. Sure, that's fine. Ms. Hudson? May it please the court, counsel. The district court properly assessed three criminal history points, and I will make my comments very brief, unless the court has additional questions. To follow up on what counsel said about there's a distinction between the three different offenses that were sentenced on different days, counsel pointed to the word suspended. I would draw the court's attention to United States v. Gajdik, 292 F. 3rd, 555, a 2002 opinion from this court, and draw the court's attention to page 558. There, this court has previously stated that in the case of a suspended sentence, and there this court only referred to a suspended sentence, not suspended relating to prior time or anything else noted afterward, that the prior sentence of imprisonment refers only to the portion of the sentence not suspended. Therefore, the United States respectfully requests that this court find that the three criminal history points is properly noted, that that 14 months the defendant served in custody is actual time he served, that this court has already ruled that concurrent sentences is irrelevant when it comes to criminal history points, that this court has already ruled that when there is a probation violation or a supervised release violation, the new crime is calculated independently for sentencing guideline purposes, United States v. Eubanks. This district court simply did everything it was supposed to do, and if there aren't any questions... And then everything else happens the same. 14 months later, the court, for whatever reason, takes another look at the second degree robbery conviction and suspends the sentence, puts him on probation, but he hasn't, as I would imagine, he hasn't yet served any time on that conviction. So how many points does he get for it? If it is consecutive and he has not served out his sentences for the first two, he's ordered to serve 10 years and then is put on supervised or on to probation. If the court has not included an order that says he is given credit for XYZ jail time that he's served, I believe that absent a specific order, all the jail time credit would go to the prior... To the other sentences, so he might not get criminal history points. Correct. That's what I thought. All right, I don't have any other questions from Judge Rovner or Judge Bauer. No. Thank you, Your Honor. All right. Thank you very much. Anything further, Mr. Schultz? Yes, Your Honor. Your Honor, as an assistant federal public defender, I've had the opportunity to go to a number of federal criminal sentencings over the years, and I'm aware that the preponderance of the evidence standard, at least in my opinion, is abysmally low. But I had always thought, perhaps until this morning, that at least there was some evidence that would need to be provided in the face of an objection by the defendant. One question that I find troubling is, if it is so straightforward, why was there not a single document from this state court case presented to the district court? And given that we know that there wasn't, then on what basis is the court concluding that, in fact, this entire sentence wasn't partially suspended? And I think the court hypothetical sums up what I'm suggesting to this court is that we don't know, based on the information in the record, that this sentence was not fully suspended. Or, alternatively, we don't know that it wasn't ordered to run consecutively. I understand that there may be information available publicly, but there's no indication in the record that the judge was aware of that or that he relied upon that. And so I think what you're left with is a well-founded objection to which, and I'm not unaccustomed to this, to which the government comes in and says, oh, come on, judge, probation's right, and then no evidence is presented, and he gets the three points. All I'm suggesting, and I don't think it's too much, is just to ask if these documents are so readily accessible and anybody could find them, why on earth didn't the government, whose burden it is, present those to the court? Because I don't think anyone can say with certainty that this sentence wasn't ordered to run consecutive to the two other sentences imposed on that date, or that it wasn't fully suspended. And for those reasons, we'd ask that this court grant the relief requested in the brief. All right. Thank you very much. Thanks to the government as well. We'll take the case under.